UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:20-cv-22164

KOSMOS PAPAYORGIS-GEORGIADIS,

    Plaintiff,

vs.

SMC SYSTEMS, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff Kosmos Papayorgis-Georgiadis, by and through the undersigned counsel, hereby sues Defendant SMC Systems, Inc., and alleges as follows:

1. This action is brought to remedy violations of Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), Fla. Stat. § 440.205, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et. seq. ("Title VII"), and the Florida Civil Rights Act of 1991, as amended, Fla. Stat. Chapter 760 et. seq. (the "Florida Civil Rights Act").

2. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Plaintiff's claims.

3. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy

4. Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations and received a Notice of Right to Sue.

5. Pursuant to 28 U.S.C. § 1391(b), venue lies in Miami-Dade County because a substantial part of the events giving rise to these claims occurred within this District.

6. Plaintiff began working for Defendant in July of 2018.

7. In September of 2018, Plaintiff was injured on the job.

8. The injury substantially limited one or more major life activities.

9. Plaintiff notified his manager of the injury.

10. Plaintiff was still qualified for his position.

11. Plaintiff requested an accommodation of a temporary light duty assignment as ordered by his treating physician.

12. Plaintiff communicated this request to the Human Resources director and she refused to grant the accommodation.

13. Defendant told Plaintiff not to come back to work.

14. Plaintiff attempted to communication Defendant on multiple occasions, but Defendant ignored Plaintiff's communications.

15. All conditions precedent to filing this action have been satisfied, waived, or excused.

### COUNT I – WORKERS' COMPENSATION RETALIATION PURSUANT TO § 440.205, *FLORIDA STATUTES*

16. Plaintiff incorporates paragraphs 6, 7, 9, and 13-15 as though fully set forth herein.

17. Plaintiff's injury was caused by the conditions of, and experiences during, his employment with Defendant.

18. Plaintiff made a claim for Workers' Compensation benefits pursuant to Chapter 440, *Florida Statutes*.

19. Defendant was aware of Plaintiff's Workers' Compensation claim.

20. Defendant terminated Plaintiff in retaliation for filing a Workers' Compensation claim.

21. Defendant took adverse employment actions against Plaintiff, in whole or in part, because he filed a Workers' Compensation claim pursuant to Chapter 440, *Florida Statutes*.

22. Defendant's conduct was intentional and malicious and was done with reckless disregard for Plaintiff's emotional well-being and rights under Chapter 440, *Florida Statutes*.

23. Defendant knew or should have known that its conduct would subject Plaintiff to extreme emotional distress and would injure Plaintiff's emotional well-being.

24. Plaintiff suffered damages, including, but not limited to, loss of compensation, wages, benefits, emotional injury, opportunities for employment and advancement, loss of professional reputation and work experience, proximately caused by Defendant's retaliation.

25. Plaintiff has made a reasonable effort to mitigate his damages.

**WHEREFORE** Plaintiff Kosmos Papayorgis-Georgiadis respectfully requests that the Court enter judgment decreeing that Defendant violated § 440.205, *Florida Statutes*, and awarding all available compensatory, economic and special damages, punitive damages, interest and any additional relief deemed appropriate.

### COUNT II – ADA VIOLATION PURSUANT TO 42 U.S.C. § 12112 (FAILURE TO ACCOMMODATE)

26. Plaintiff incorporates paragraphs 6 through 15 as though fully set forth herein.

27. When an employee with a disability requests an accommodation from his or his employer, the ADA requires employers to work with employees to identify reasonable accommodations for an otherwise qualified employee with a disability.

28. Defendant failed to engage in the interactive process to identify and provide a reasonable accommodation for Plaintiff and thus Defendant discriminated against him in violation

of the ADA.

29. Defendant refused to grant Plaintiff a reasonable accommodation for his disability in violation of the ADA.

30. Plaintiff was qualified for his position and could have performed the essential job duties of his position.

31. Plaintiff suffered damages, including, but not limited to, loss of compensation, wages, benefits, emotional injury, opportunities for employment and advancement, loss of professional reputation and work experience, proximately caused by Defendant's violations.

32. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

33. Plaintiff has retained the undersigned attorneys and law firm to represent him in this action and is obligated to pay a reasonable attorney's fee and costs.

**WHEREFORE** Plaintiff Kosmos Papayorgis-Georgiadis respectfully requests that the Court enter judgment decreeing that Defendant violated the ADA and awarding all available compensatory, economic and special damages, punitive damages, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 12205 and any additional relief deemed appropriate.

## COUNT III – VIOLATION OF THE FCRA (FAILURE TO ACCOMODATE)

34. Plaintiff incorporates paragraphs 6 through 15 as though fully set forth herein.

35. When an employee with a disability requests an accommodation from his or his employer, the FCRA requires employers to work with employees to identify reasonable accommodations for an otherwise qualified employee with a disability.

36. Defendant failed to engage in the interactive process to identify and provide a reasonable accommodation for Plaintiff and thus Defendant discriminated against him in violation of the FCRA.

37. Defendant refused to grant Plaintiff a reasonable accommodation for his disability in violation of the FCRA.

38. Plaintiff was qualified for his position and could have performed the essential job duties of his position.

39. Plaintiff suffered damages, including, but not limited to, loss of compensation, wages, benefits, emotional injury, opportunities for employment and advancement, loss of professional reputation and work experience, proximately caused by Defendant's violations.

40. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

41. Plaintiff has retained the undersigned attorneys and law firm to represent his in this action and is obligated to pay a reasonable attorney's fee and costs.

**WHEREFORE** Plaintiff Kosmos Papayorgis-Georgiadis respectfully requests that the Court enter judgment decreeing that Defendant violated the FCRA and awarding all available compensatory, economic and special damages, punitive damages, liquidated damages, interest, attorneys' fees and costs pursuant to Fla. Stat. § 760.11(5) and any additional relief deemed appropriate.

### COUNT IV – ADA VIOLATION PURSUANT TO 42 U.S.C. § 12112 (DISABILITY DISCRIMINATION)

42. Plaintiff incorporates paragraphs 6 through 15 as though fully set forth herein.

43. The ADA prohibits an employer from discriminating against an employee in the

terms, conditions, or privileges of employment on the basis of disability.

44. Defendant's employment policies and practices are inherently discriminatory towards people with disabilities because they do not accommodate employees in need of temporary light duty assignments.

45. Defendant discriminated against Plaintiff by terminating his employment based on his disability in violation of the ADA.

46. Plaintiff was qualified and could have performed the essential job duties of his position.

47. Plaintiff suffered damages, including, but not limited to, loss of compensation, wages, benefits, emotional injury, opportunities for employment and advancement, loss of professional reputation and work experience, proximately caused by Defendant's violations.

48. Defendant's treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

49. Plaintiff has retained the undersigned attorneys and law firm to represent his in this action and is obligated to pay a reasonable attorney's fee and costs.

**WHEREFORE** Plaintiff Kosmos Papayorgis-Georgiadis respectfully requests that the Court enter judgment decreeing that Defendant violated the ADA and awarding all available compensatory, economic and special damages, punitive damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 12205 and any additional relief deemed appropriate.

**COUNT V – VIOLATION OF THE FCRA (DISABILITY DISCRIMINATION)**

50. Plaintiff incorporates paragraphs 6 through 15 as though fully set forth herein.

51. The FCRA prohibits an employer from discriminating against an employee in the

terms, conditions, or privileges of employment on the basis of disability.

52. Defendant's employment policies and practices are inherently discriminatory towards people with disabilities because they do not accommodate employees in need of temporary light duty assignments.

53. Defendant discriminated against Plaintiff by terminating his employment based on his disability in violation of the FCRA.

54. Plaintiff was qualified and could have performed the essential job duties of his position.

55. Plaintiff suffered damages, including, but not limited to, loss of compensation, wages, benefits, emotional injury, opportunities for employment and advancement, loss of professional reputation and work experience, proximately caused by Defendant's violations.

56. Defendant's treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

57. Plaintiff has retained the undersigned attorneys and law firm to represent his in this action and is obligated to pay a reasonable attorney's fee and costs.

**WHEREFORE** Plaintiff Kosmos Papayorgis-Georgiadis respectfully requests that the Court enter judgment decreeing that Defendant violated the FCRA and awarding all available compensatory, economic and special damages, punitive damages, interest, attorneys' fees and costs pursuant to Fla. Stat. § 760.11(5) and any additional relief deemed appropriate

**COUNT VI – ADA VIOLATION PURSUANT TO 42 U.S.C. § 12203 (RETALIATION)**

58. Plaintiff incorporates paragraphs 6 through 15 as though fully set forth herein.

59. Plaintiff exercised his protected rights under the ADA when he requested a

reasonable accommodation for his disability.

60. Plaintiff was qualified for his position and could have performed the essential job duties of his position.

61. Defendant retaliated against Plaintiff when it terminated is employment after his requests for reasonable accommodations.

62. But for his request for a reasonable accommodation, Defendant would not have terminated Plaintiff.

63. Plaintiff suffered damages, including, but not limited to, loss of compensation, wages, benefits, emotional injury, opportunities for employment and advancement, loss of professional reputation and work experience, proximately caused by Defendant's retaliation.

64. Defendant's retaliation was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

65. Plaintiff has retained the undersigned attorneys and law firm to represent him in this action and is obligated to pay a reasonable attorney's fee and costs.

**WHEREFORE** Plaintiff Kosmos Papayorgis-Georgiadis respectfully requests that the Court enter judgment decreeing that Defendant violated the ADA and awarding all available compensatory, economic and special damages, punitive damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 12205 and any additional relief deemed appropriate.

### COUNT VII – VIOLATION OF THE FCRA (RETALIATION)
### (Against Defendant)

66. Plaintiff incorporates paragraphs 6 through 15 as though fully set forth herein.

67. Plaintiff exercised his protected rights under the FCRA when he requested a reasonable accommodation for his disability.

68. Plaintiff was qualified for his position and could have performed the essential job

duties of his position.

69. Defendant retaliated against Plaintiff when it terminated his employment after his requests for reasonable accommodations.

70. But for his request for a reasonable accommodation, Defendant would not have terminated Plaintiff.

71. Plaintiff suffered damages, including, but not limited to, loss of compensation, wages, benefits, emotional injury, opportunities for employment and advancement, loss of professional reputation and work experience, proximately caused by Defendant's retaliation.

72. Defendant's retaliation was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

73. Plaintiff has retained the undersigned attorneys and law firm to represent his in this action and is obligated to pay a reasonable attorney's fee and costs.

**WHEREFORE** Plaintiff Kosmos Papayorgis-Georgiadis respectfully requests that the Court enter judgment decreeing that Defendant violated the FCRA and awarding all available compensatory, economic and special damages, punitive damages, interest, attorneys' fees and costs pursuant to Fla. Stat. § 760.11(5) and any additional relief deemed appropriate.

### COUNT VIII - SEX DISCRIMINATION PURSUANT TO TITLE VII

74. Plaintiff incorporates paragraphs 6, 7, and 13-15 as though fully set forth herein.

75. This count is brought pursuant to Title VII.

76. Defendant discriminated against Plaintiff by taking adverse employment actions against him and altering the terms, conditions, and privileges of his employment because of his sex.

77. Defendant treated similarly situated employees outside of his protected class more favorably.

78. At all times material to this count, Plaintiff was qualified for his position.

79. Defendant was responsible for such unlawful actions under a theory of vicarious or direct liability.

80. Plaintiff suffered damages, including, but not limited to, loss of compensation, wages, benefits, emotional injury, opportunities for employment and advancement, loss of professional reputation and work experience, proximately caused by Defendant's retaliation.

**WHEREFORE** Plaintiff Kosmos Papayorgis-Georgiadis respectfully requests that the Court enter judgment decreeing that Defendant violated Title VII and awarding all available compensatory, economic and special damages, punitive damages, interest, attorneys' fees and costs pursuant to 42 U.S.C.S. § 2000e-5(k) and any additional relief deemed appropriate.

## COUNT IX - SEX DISCRIMINATION PURSUANT TO THE FCRA

81. Plaintiff re-alleges paragraphs 6, 7, and 13-15 as though fully set forth herein.

82. This count is brought pursuant to the FCRA.

83. Defendant discriminated against Plaintiff by taking adverse employment actions against him and otherwise altering the terms, conditions, and privileges of his employment because of his sex.

84. Defendant treated similarly situated employees outside of his protected class more favorably.

85. At all times material to this count, Plaintiff was qualified for his position.

86. Plaintiff suffered damages, including, but not limited to, loss of compensation, wages, benefits, emotional injury, opportunities for employment and advancement, loss of professional reputation and work experience, proximately caused by Defendant's retaliation.

**WHEREFORE** Plaintiff Kosmos Papayorgis-Georgiadis respectfully requests that the Court enter judgment decreeing that Defendant violated the FCRA and awarding all available compensatory, economic and special damages, punitive damages, interest, attorneys' fees and costs pursuant to Fla. Stat. § 760.11(5) and any additional relief deemed appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff Kosmos Papayorgis-Georgiadis hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@rgmlawfirm.com
RAMHOFER GARCIA & MOORE, PLLC
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile: (954) 697-0341
*Attorneys for Plaintiff*